```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x
                                 :
UNITED STATES OF AMERICA         :      INFORMATION
                                 :
         - v. -                  :      S1 16 Cr. 207 (KBF)
                                 :
BORIS NAYFELD,                   :
                                 :
              Defendant.         :
                                 :
- - - - - - - - - - - - - - - - x
```

## COUNT ONE

(Conspiracy to Commit Extortion)

The United States Attorney further charges:

1. From at least in or about June 2015, up to and including at least in or about January 2016, in the Southern District of New York and elsewhere, BORIS NAYFELD, the defendant, and others known and unknown, unlawfully and knowingly combined, conspired, confederated, and agreed together and with each other to violate Title 18, United States Code, Section 1951.

2. It was a part and object of the conspiracy that BORIS NAYFELD, the defendant, and others known and unknown, willfully and knowingly, would and did obstruct, delay, and affect commerce and the movement of articles and commodities in commerce by extortion as that term is defined in Title 18, United States Code, Section 1951, by obtaining money and property from and with the consent of another person, which consent would have been and was induced by the wrongful use of actual and threatened force, violence, and fear, to

wit, NAYFELD, having informed an individual ("Victim-1") that NAYFELD had been asked to arrange the murder of Victim-1, agreed with a co-conspirator not named herein ("CC-1") to induce Victim-1 to pay NAYFELD to stop the murder plot.

      3.    It was a further part and object of the conspiracy that BORIS NAYFELD, the defendant, and others known and unknown, willfully and knowingly, would and did obstruct, delay, and affect commerce and the movement of articles and commodities in commerce by extortion as that term is defined in Title 18, United States Code, Section 1951, by obtaining money and property from and with the consent of another person, which consent would have been and was induced by the wrongful use of actual and threatened force, violence, and fear, to wit, NAYFELD and CC-1 agreed to use NAYFELD's reputation for violence and association with organized crime figures to recover CC-1's business interests in Russia.

      4.    It was a further part and object of the conspiracy that BORIS NAYFELD, the defendant, and others known and unknown, willfully and knowingly, would and did obstruct, delay, and affect commerce and the movement of articles and commodities in commerce by extortion as that term is defined in Title 18, United States Code, Section 1951, by obtaining money and property from and with the consent of another person, which consent would have been and was induced by the wrongful use of actual and threatened force,

violence, and fear, to wit, NAYFELD and a co-conspirator not named herein ("CC-2") agreed to use NAYFELD's reputation for violence and association with organized crime figures to collect a debt owed to CC-2.

(Title 18, United States Code, Section 1951.)

## COUNT TWO
### (Extortion)

The United States Attorney further charges:

5.  From at least in or about October 2015, up to and including at least in or about January 2016, in the Southern District of New York and elsewhere, BORIS NAYFELD, the defendant, and others known and unknown, unlawfully and knowingly committed and attempted to commit extortion, as that term is defined in 18 U.S.C. § 1951(b)(2), by obtaining money and property from and with the consent of another person, which consent would have been and was induced by the wrongful use of actual and threatened force, violence, and fear, and thereby would and did obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in 18 U.S.C. § 1951(b)(3), and did aid and abet the same, to wit, NAYFELD, having informed Victim-1 that NAYFELD had been asked to arrange the murder of the Victim-1, collected and attempted to collect payment from Victim-1 to stop the murder plot.

(Title 18, United States Code, Section 1951 and 2.)

## FORFEITURE ALLEGATION

6.   As a result of committing the offense alleged in Counts One and Two of this Information, BORIS NAYFELD, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28 United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses.

### Substitute Assets Provision

7.   If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a.   cannot be located upon the exercise of due diligence;

    b.   has been transferred or sold to, or deposited with, a third person;

    c.   has been placed beyond the jurisdiction of the Court;

    d.   has been substantially diminished in value; or

    e.   has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code,

Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Section 981;
Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461.)

_____
PREET BHARARA  NBH
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**UNITED STATES OF AMERICA**

v.

**BORIS NAYFELD,**

Defendant.

### INFORMATION

S1 16 Cr. 207 (KBF)

(18 U.S.C. §§ 1951 and 2.)

PREET BHARARA
United States Attorney.