UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA            16 Cr. 207 (KBF)

v.

BORIS NAYFELD

_____

# UNOPPOSED MOTION TO MODIFY TERMS OF SUPERVISED RELEASE

The Defendant, Boris Nayfeld ("the Defendant"), submits this Memorandum in support of his Motion to Modify Conditions of Supervised Release. For the reasons set forth below, the Defendant's Motion should be granted.

## Statement of Facts

On or about July 27, 2017, Defendant was sentenced to twenty three (23) months imprisonment followed by three (3) years of supervised release. Defendant now moves to modify his conditions of release to allow him to pursue employment in Russia. Defendant has a job offer for a full time position in the Limited Liability Company "Mill" in a capacity of Commercial Director. Defendant made good faith efforts to find employment in the USA but was unsuccessful. Defendant previously requested permission to travel to Russia which was granted. Defendant came back in full compliance with the terms of his travel. Since his release, Defendant has had no violations of any terms of his supervised release and has been fully compliant.

## Argument

1

18 U.S.C. §3583(e)(2) provides, *inter alia*, that the Court may, after considering the factors set forth in Sections 3553(a)(1), (a)(2)(B) (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6) and (a)(7),

> . . . . modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation and the provisions applicable to the initial setting of the terms and conditions of post-release supervision; . . . .

Section 3583(e)(2) provides the district court with retained authority to revoke, discharge, or modify terms and conditions of supervised release following its initial imposition of a supervised release term in order to account for new or unforeseen circumstances. *U.S. v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997).

> . . . .Occasionally, changed circumstances – for instance, exceptionally good behavior by the defendant or a downward turn in the defendant's ability to pay a fine or restitution imposed as conditions of release – will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a). In such cases, the court may invoke either subsection (1), which works to the advantage of the defendant, or subsection (2), which can be employed either to the defendant's advantage or disadvantage, to . . . modify and make less demanding the conditions of release. . . . .

*Id.*

18 U.S.C.A. §3553 provides, *inter alia*, that, in determining the particular sentence to be imposed, the court shall consider (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (B) to afford adequate deterrence to criminal conduct; (C) protect the public from further crimes of the defendant; and (D) provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (4) the kinds of sentence and sentencing range established for (A)

2

the applicable category of offense committed by the applicable category of defendant; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities; and (7) the need to provide restitution to any victims of the offense.

### Application

Here, applying the factors set forth above, it is respectfully submitted that modification of the terms of the Defendant's Supervised Release to permit him to reside and work in Russia is appropriate.

First, the nature and circumstances of the offense, and history and characteristics of the Defendant, establish that there would be little (if any) risk in granting the Defendant the right to reside and work in Russia.

The Defendant has been fully compliant with the terms of his release, and, now aged, poses no risk to his community. He has attempted to reintegrate into society by gaining employment, but is unable to secure anything due to his criminal conviction and lack of marketable skills. His family and other relationships have been devastated. In a December 4, 2018, letter, Attending Psychiatrist Irina Korobov ("Korobov") wrote that the Defendant has been under her care and treated for major Depressive Disorder with psychotropic medications and psychotherapy (Exhibit A, p. 1). He was placed on Zolof for depression, Lorazepam for anxiety, and Zolpidem for insomnia (*Id.*).

The Defendant regrets losing his relationships with family and friends (*Id.*). He stated that his life was a total disappointment and that he was a loser who caused pain to too many people in his family. He is sad that he was imprisoned when his mother died and wishes he could change it. He does not look for reasons or excuses for his criminal

past, taking responsibility for his own actions and judgments. He feels empty and unfulfilled, having no relationship with his daughter and grandchildren. He has no education, and his genuine attempts to find employment have proved futile. With no place in his community, he is working hard to rekindle his relationship with his son. Regarding his job offer in Russia, he has told Korobov that he hopes when he is employed and makes a positive change he can prove to his son that he is not a total loser. He wants to make his son proud.

The Defendant has been depressed, anxious, and at times filled with suicidal thoughts of his future and past (*Id.* at p. 2). He continues to suffer from all of his symptoms with treatment and medication, but believes that returning to Russia will help him regain emotional stability (*Id.*). It is Korobov's professional opinion that the Defendant will benefit from a change of environment because that would require putting himself in a stable and regimented environment (*Id.*).

The Defendant has provided a copy of his job offer as Commercial Director (Exhibit B). He will work 40 hours per week with an annual salary of $30,000 USD.

The undersigned spoke with the Defendant's prior counsel in another matter, Frank Tassone ("Tassone"), who informed that he filed a prior Motion to change conditions of the Defendant's release to permit him to travel to Russia for work and come back once a month. The Defendant provided a name of his employer, job duties, address, and salary. Judge Frederic Block granted the application. This was during the Defendant's supervised release in the Easter District matter of *USA v. Dozortsev et al.*, cr08-0440CPS. While copies of the Motion and Order cannot be obtained because they

are under seal, it is respectfully submitted that the fact that the Defendant was previously granted such relief and abided by it should weigh in favor of a grant of this application.

Second, the need for the sentence to provide deterrence is no longer a factor. At sentencing, it was discussed how the Defendant has aged and is no longer a part of the social group which he was formerly associated with. He feels remorse for his criminal pursuits and is now focuses on family. He has been compliant with the terms of the supervised release and has not been into alcohol or drugs.

Third, and relatedly, there is no need to protect the public from further crimes of the Defendant.

Fourth, the Defendant is in need of no educational or vocational training, medical care, or other correctional treatment that would preclude his residence and employment in Russia. While he is being treated for depression, he is of an advanced age and not in need of any training or education.

Finally, U.S. Probation Office has no objections to the Defendant's motion.

Assistant United States Attorney Andrew Thomas indicated to the undersigned that the Government has no objections to the motion on condition that the Defendant provides an address where he would be residing and gives notice to his Probation Officer every time he travels back to the USA. The undersigned has provided the address to the Government.

**Conclusion**

Accordingly, it is respectfully requested that the Court enter an Order modifying the Defendant's conditions of supervised release to allow him to reside and work in Russia.

Dated: December 17, 2018
Brooklyn, NY

_____
Inessa Spevakova, Esq.
Attorney for Defendant
513 Brighton Beach Ave, 2nd Floor
Brooklyn, NY 11235
(917) 379-4600

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that copies of the foregoing have been electronically furnished to all counsel of record this 17th day of December, 2018.

_____
Inessa Spevakova, Esq.
Attorney for Defendant
513 Brighton Beach Ave, 2nd Floor
Brooklyn, NY 11235
(917) 379-4600